UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,        Case No.: 8:12-cv-1665-T-33TGW
v.

JOHN DOES 1-26,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Court's January 22, 2013, Show Cause Order (Doc. # 27), and Plaintiff Malibu Media, LLC's response to the Order (Doc. # 28), filed on January 30, 2013. Also before the Court is Doe 11's Amended Motion to Quash Rule 45 Subpoena, filed on November 26, 2012. (Doc. # 14).

For the reasons that follow, the Court determines that all of Malibu Media's claims except those asserted against Doe 1 shall be severed and dismissed without prejudice and with leave to re-file as separate actions against as many of the remaining Doe Defendants as Malibu Media chooses. In addition, the Court grants Malibu Media an extension of time in which to effect service of the summons and complaint upon Doe 1. Doe 11's Amended Motion to Quash Rule 45 Subpoena is denied as moot.

**I.     Procedural History**

Malibu Media filed this action for copyright infringement on July 26, 2012, against twenty-six Doe Defendants, known to Malibu Media and identified in the Complaint only by their Internet Protocol (IP) addresses. (Doc. # 1).  Since that time, Malibu Media has voluntarily dismissed Doe Defendants 4, 7, and 19 from this action. (Doc. ## 17, 18, 23).  On August 21, 2012, Malibu Media sought an order allowing it to serve immediate discovery on the Doe Defendants' internet service providers so as to allow Malibu Media to ascertain the Doe Defendants' true identities from their IP addresses. (Doc. # 5).  The Honorable Thomas G. Wilson, United States Magistrate Judge, granted the motion for immediate discovery in an Order dated September 26, 2012. (Doc. # 10).  On or about October 9, 2012, a third party subpoena was issued to Comcast Holdings Corporation, the internet service provider of ten Doe Defendants, including Doe 11. (Doc. # 14 at 5).  On November 26, 2012, Doe 11 filed an amended motion to quash the third party subpoena issued to Comcast. Id.  Doe 11 also argued that the Doe Defendants should be severed and the claims against all but Doe 1 should be dismissed.  Id.

On January 21, 2013, Malibu Media requested an extension of time, for the third time, in which to effect service of process on the Doe Defendants, because it had not yet obtained

-2-

the identities of all of the Doe Defendants from their internet service providers. (Doc. # 24). The Court entered an Order on January 22, 2013, denying Malibu Media's motion without prejudice and directing Malibu Media to show cause in writing by January 30, 2013, as to "why the Doe Defendants should not be severed and all claims except those asserted against Doe 1 be dismissed without prejudice, with leave to re-file separate actions against as many of the Doe Defendants as Plaintiff chooses to pursue." (Doc. # 27). Malibu Media filed its response to the Court's Show Cause Order on January 30, 2012. (Doc. # 28).

## II. <u>Analysis</u>

Malibu Media is the owner of United States copyright registrations for 16 movies. (Doc. # 1 at ¶ 2). Malibu Media alleges that each Doe Defendant used the BitTorrent file sharing protocol to illegally copy and distribute the same torrent file which contained Malibu Media's 16 registered works. <u>Id.</u> at 15. Generally, Malibu Media contends that each of the Doe Defendants shared pieces of the films, using BitTorrent, such that the films could be reassembled into full copies for view by the Doe Defendants. The file is replete with explanations of the BitTorrent protocol and detailed descriptions of how the protocol is used to violate United

States copyright law, such that further explanation of such protocol is unnecessary here.

The issues before this Court are (1) whether the action should proceed against the Doe Defendants collectively or whether the individual actions should be severed and (2) whether to enter a protective order or otherwise quash the subpoena served on Doe 11's Internet Service Provider in which Malibu Media seeks Doe 11's subscriber information.

On December 6, 2012, the Honorable James D. Whittemore, United States District Judge, entered a detailed Order addressing the issue of severance in the context of copyright infringement cases based on BitTorrent file sharing. See Malibu Media, LLC v. Does 1-28, 8:12-cv-1667-JDW-MAP (Doc. # 22). Under facts nearly identical to those presented here, Judge Whittemore concluded that "joinder is technically proper under Rule 20(a)," but that such joinder of Doe Defendants as "users in the same BitTorrent swarm" frustrated the purpose of the Federal Rules of Civil Procedure. Id. at 5, 7.[1] Thus, Judge Whittemore severed the individual cases pursuant to Rule 21, Fed. R. Civ. P., after considering the deleterious impact

---

[1] Pursuant to Rule 20, Fed. R. Civ. P., a plaintiff may join claims against defendants if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

of joinder on the parties and on the judicial system.[2]  After due consideration, this Court joins in his sound reasoning.

Severing the individual claims asserted in this action is necessary to promote judicial economy and to ensure effective case management.  The present motion to quash, in which Doe 11 asserts that obtaining her identity from her IP address has no benefit because her internet service is unsecured and available to anyone near her home or to any guests, along with arguments concerning unclean hands and severance, is emblematic of the individualized and fact-intensive motions that each of the Doe Defendants are likely to file during the course of the case.  Indeed, identified only by their IP addresses, and linked only by their participation in a cyber "swarm," the Court foresees that each Doe Defendant may assert unique challenges to the Court's jurisdiction and other factually diverse arguments and defenses.  See Bubble Gum Prods., LLC v. Does 1-80, No. 12-cv-20367, 2012 WL 2953309, at *4 (S.D. Fla. July 19, 2012) ("[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined."); CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 554 (D. Md. 2012)("To maintain any sense of fairness, each individual defendant would have to

---

[2] Rule 21, Fed. R. Civ. P., permits the Court to "sever any claim against a party."

-5-

receive a mini-trial, involving different evidence and testimony. The enormous burden of a trial like this . . . would substantially prejudice defendants and the administration of justice.").

The Court finds that resolution of the Doe Defendants' various arguments and defenses via "mini-trial" would hinder judicial economy and be fundamentally unfair to the parties.

Furthermore, as noted by Judge Whittemore, "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff - the economy of not having to pay a separate filing fee for each action brought." No. 8:12-cv-1667-JDW-MAP (Doc. # 22 at 11) (citations omitted). Here, in an action initially filed against twenty-six Doe Defendants, Malibu Media paid a single filing fee of $350.00, rather than $9,100.00, the amount that would be required to bring twenty-six separate actions. Malibu Media's current strategy has bombarded the Court with a tidal wave of litigation, while depriving the Court of much needed funds in the form of filing fees.[3]

---

[3] By filing thirty-six lawsuits in the Middle District of Florida against 906 individual Doe Defendants, Malibu Media has paid $12,600.00 in filing fees, rather than $317,100.00, the amount that would be required for bringing each action separately.

Filing fees not only provide crucial funding for the operation of the Court, but also serve as a deterrent to the filing of frivolous suits. See In re McDonald, 489 U.S. 180, 184 (1989)(explaining that filing fees provide a threshold barrier against the filing of frivolous actions and garner much needed revenue for the courts). Severance of the individual claims in this matter is essential to preserve the purpose of the filing fee as mandated by 28 U.S.C. § 1914(a).

In addition, the Court turns to Rule 1 of the Federal Rules of Civil Procedure, which requires that this Court construe the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Severing these individual actions will promote these laudable principles and prevent the unique prejudice that is presented in multi-defendant copyright cases where the identities of the Doe Defendants may be difficult to ascertain. As noted by Judge Whittemore:

> With twenty-eight defendants, meaningful case management deadlines will not be reasonably achievable without extensive hearings. And when the identity of each John Doe defendant is eventually discovered by Malibu, the prospect of numerous amended complaints arises, an unnecessary exercise in contemporary litigation which will present an inordinate administrative chore for the Clerk, the court, and the parties. And the process of identifying the unknown defendants has the potential of prejudicing those defendants who are identified early on, who will likely languish in

> litigation beyond their control while Malibu pursues the identities of the other John Does.

No. 8:12-cv-1667-JDW-MAP (Doc. # 22 at 14). The Honorable David A. Baker, United States Magistrate Judge, also recently highlighted the "significant burden on the Clerk's office" in the absence of severance in a similar copyright case based on use of the BitTorrent protocol, when "each time an order is docketed in the case, [the Clerk's office] is obligated to review every item filed, and potentially prepare and mail a copy of the order to all of the defendants who are pro se even when the order does not pertain to each defendant." <u>Bait Prods. PTY LTD. v. Does 1-73</u>, No. 6:12-cv-1637 (Doc. # 12 at 8).

In conclusion, the Court finds that to jointly try these disparate actions would contravene judicial economy, inhibit effective case management, and cause significant prejudice to the joined Doe Defendants and to the Court. The Court accordingly dismisses Doe Defendants 2, 3, 5, 6, 8-18, and 20-26 without prejudice. Malibu Media has the option of filing suits against each of these individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file. In light of the Court's dismissal of Doe 11 from this case, Doe 11's Amended Motion to Quash (Doc. # 14) is denied as moot.

-8-

Additionally, as noted above, on January 21, 2013, Malibu Media requested a further extension of time to effect service of the summons and the complaint on the Doe Defendants, including Doe 1. (Doc. # 24). Upon due consideration and in light of the procedural posture of this case, the Court determines that it is appropriate to grant an extension. Thus, Malibu Media has until and including February 28, 2013, in which to effect service of the summons and the complaint on Doe 1.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The individual claims in this action are **SEVERED** such that Does 2, 3, 5, 6, 8-18, and 20-26 are **DISMISSED** without prejudice. Malibu Media has the option of filing suits against each of these individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file.

(2) The deadline for Malibu Media to effect service of process on Doe 1 is extended to February 28, 2013.

(3) Doe 11's Amended Motion to Quash (Doc. # 14) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of January, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record